**PLANT et al. v. WALSH, Collector of Internal Revenue.**

**No. 2761.**

District Court, D. Connecticut.

April 30, 1930.

Stewart & Shearer, of New York City, and Day, Berry & Reynolds, of Hartford, Conn. (George L. Shearer and Harry J. Campaign, both of New York City, of counsel), for plaintiffs.

John Buckley, U. S. Atty., and John A. Danaher, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and F. W. Dewart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

BURROWS, District Judge.

This is an action brought by the executors of the will of Morton F. Plant, deceased, to recover part of income taxes paid by the decedent for the calendar year 1917. Trial was to the court, jury having been waived by written stipulation.

Mr. Plant, the plaintiffs' decedent, purchased land located at No. 2 East Fifty-Second street, New York City, in 1903, and erected a residence thereon at a total cost of $1,043,566.05. He occupied this as his residence until the spring of 1916. On October 17, 1916, he leased the property for business purposes for an annual rental, for a period ending January 9, 1928. The deed to Mr. Plant contained a restriction against the use of any building thereon for purposes other than a private dwelling house prior to January 9, 1928. This restriction was also mentioned in said lease. On January 3, 1917, Mr. Plant sold this property to his lessee for $901,981.50. For the taxable year 1917, Mr. Plant took a deduction on his income tax, claiming a loss on the sale of this property, which deduction was disallowed by the commissioner. An additional tax was assessed, and, after an adjustment, the additional tax was paid, under protest.

The question to be decided is one of value. All the witnesses as to value testified that the value of the property was practically the same from March 1, 1913, to January, 1917, except for the depreciation in value of the building. The restriction was on the property from the time of purchase, and no evidence was introduced as to its effect on value, either at the time of purchase or at the time of rental.

While the sale price of property is evidential of value, it is by no means conclusive, and is to be considered together with all other evidence of value in determining the question. Neither is the testimony of experts conclusive, but it would seem that on the evidence of value presented, their testimony should be taken rather than sale price, coming from men who are reliable and have expert knowledge of values, and are familiar with the methods used for ascertaining values in the locality where the property is situated.

A summary of the testimony of the witness for the plaintiff shows a value of $1,199,832, and that of a witness for the defendant, $1,043,250; each using the same method of arriving at the valuation. A second witness for the defendant gave his opinion as to value, but it is not clear as to whether his figures included the building. As the valuations of the first witnesses mentioned are not far apart, it would seem that an average of the two would be fair in arriving at the valuation of the property, which I find to be $1,121,541, as of October 17, 1916. As this property was, on October 17, 1916, converted from a residence to property used exclusively for the production of taxable income

in the form of rentals, it was a transaction entered into for profit as of that date, under the authority of Heiner, Collector, v. Tindle et al., 276 U. S. 582, 48 S. Ct. 326, 72 L. Ed. 714. Cost, therefore, being less than value, the deduction should be the difference between cost and selling price (Heiner v. Tindle, supra), which I find to be $141,584.55.

Plaintiff, therefore, may have judgment in an amount to be computed upon a loss of $141,584.55, together with interest and costs, as claimed.

Let an order be submitted accordingly.